**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIM. NO. 5:26-CR-7-MTT** |
| **vs.** | : | |
| | : | |
| **HIMANSHUBHAI BAROT** | : | |
| | : | |

### GOVERNMENT'S MOTION TO REVOKE RELEASE ORDER

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and files this Motion to Revoke Release Order.  Doc. 22.

**I.    Statement of Facts and Procedural History**

On March 10, 2026, a Grand Jury returned a two-count Indictment against Defendant.  Doc. 1.  Count One charges Defendant and Mihir Patel with Conspiracy to Commit Mail Fraud.  *Id*.  Count Two charges Defendant alone with Illegal Entry.  *Id*.  The mail fraud conspiracy stems from Defendant's participation in a scheme wherein co-conspirators called elderly victims throughout the country and deceived them into sending large sums of cash, claiming they needed to do this to avoid adverse legal or financial circumstances.

As a result of this scheme to defraud, seven (7) victims, as outlined in the indictment, sent between $10,000 and $20,500 cash to various addresses throughout the Middle District of Georgia, with each package being delivered on March 16, 2021 and addressed to a "David Williams."  These packages were sent to various stores that accept packages from UPS and FedEx to be delivered to the store as a package drop off location.  The recipients can then retrieve these packages by providing the store with identification to prove they are the listed recipient.  Defendant and Patel

1

then traveled together to these locations to retrieve the packages.

Law enforcement became aware of the scheme after a victim called the Perry Police Department regarding the package she sent after she realized it was likely a scam. Law enforcement was able to track her package and saw it had not yet been delivered to the addressed store. They then waited for the package to be delivered and waited to see who retrieved the package from the store. On March 16, 2021, law enforcement saw a vehicle, driven by Defendant, pull into the store location where the package was being held. Patel then exited the vehicle and retrieved the package using a fake identification card stating he was "David Williams." Law enforcement arrested both Patel and Defendant that day, which led to their charges that were later dismissed by Houston County. The total amount of cash that Defendant and Patel did, or were planning to, pick up from the victims that day was $116,500.

Following their arrests, both Patel and Defendant essentially blamed each other and claimed they knew nothing of the crime. However, a later search of both of their cell phones revealed they were both participating in a group chat discussing the packages. Co-conspirators sent details of packages to be picked up, including the tracking information, sender information, receiver information, and dollar amount to be inside. Once packages were obtained, Defendant and Patel would send messages in the chat to confirm receipt. Defendant's phone sent both picture and video of Patel opening a package and holding cash after these packages had been picked up. There were also different images sent by Patel from his phone. Thus, both were actively communicating with co-conspirators regarding the scheme.

Evidence found in the cell phones also suggested that Defendant and Patel were friends. At the time, they lived in neighboring apartments in Cordele. Prior to their March 2021 arrest, Patel had filed a complaint with law enforcement claiming that Defendant was attempting to steal

his identity and that Defendant had a fake identification card he was using.

It was also determined that Defendant is not legally in the United States, which led to his charge for Illegal Entry. Defendant was arrested on the indictment on March 13, 2026, and made his initial appearance on March 16, 2026. Upon indictment, an Immigration Detainer was lodged against Defendant and the Government moved for detention. On March 17, 2026, Defendant filed a Motion for Bond. Doc. 16. In this Motion, he noted that following his arrest in Houston County, he did not commit any additional crimes and never missed court in Houston County. *Id*. at 1.

Defendant also noted that he had an application for a U-Visa after he was the victim of an armed robbery in 2024[1]. *Id*. at 2. A subsequent check with USCIS indicated that no U-Visa applications have been submitted by Defendant. Undersigned counsel was provided by the defense with a copy of a letter from an immigration attorney sent to the Cordele Police Department requesting they sign off on Defendant's U-Visa application. This letter was dated March 18, 2026, five days after Defendant was arrested on the instant offense and over two years after the Cordele robbery incident.

An initial bail interview was not able to be completed due to issues with language interpretation. However, the Pretrial Services Report did note that, in addition to the arrest for the conduct related to this indictment, Defendant had an arrest for Theft by Taking in Jones County on March 14, 2023 and Failure to Appear on May 23, 2023. While not noted in the bail report, it is undersigned counsel's understanding that Defendant told the Probation Officer in that initial interview attempt that he worked at a convenience store and would report as directed by his boss, with the location varying every shift.

---

[1] He states that the robbery was at the Milledgeville store, presumably referring to the store he indicated he worked at. However, the police report supplied by Defendant shows that this incident took place in Cordele, Georgia.

3

A detention hearing was held on March 19, 2026.  The Government argued for detention based on both flight risk and for the pecuniary safety of the community.  Given the nature of the charges, there is concern for continued pecuniary harm to victims.  And in regards to Defendant's flight risk, there are concerns over Defendant's unlawful status in the country, ties to India, prior failure to appear, and claims from his co-defendant that Defendant has used a fake identification in the past.  Moreover, because there is an immigration hold in place, if released, Defendant will be placed into immigration custody where deportation proceedings will presumably proceed. From there, it is entirely possible Defendant could be deported before he can answer to the charges now pending.

The Magistrate Judge Charles H. Weigle granted Defendant a bond and asked the Government for its position on bond conditions.  Since no bail report had been complete, the Government requested that be done before any possible recommendations on conditions could be made as there was little to no insight into the factors needed to determine release conditions.

A recess was called for Probation to complete the interview and Probation orally provided the information they were given to the Court and parties.  Based on that information, Defendant confirmed that he entered the United States from India in November 2019 and had family still living in India.  He stated he possesses a copy of his Indian passport.  He stated he has lived in Milledgeville, Cordele, Warner Robins, and Kansas City[2].  He works at convenience stores in Milledgeville, Cordele, and Warner Robins.  At one point it sounded like he indicated he worked for co-defendant Patel, but later stated it was someone else who took over Patel's stores during the time in which Patel had fled the country[3].

---

[2] Based on information obtained in the investigation, though not reported, it also appears that Barot has lived in Chicago and Washington, DC.

[3] Patel was on a location monitor on his state bond and removed that monitor and went to Mexico on February 20, 2022, and did not return to the United States until January 27, 2025, after the state case was dismissed.

An unsecured bond was then granted, placing Defendant on home detention with location monitoring and a direction to work only at the Milledgeville store.  He was also ordered to surrender the copy of his passport.  However, because of the immigration detainer, Defendant was not released from custody, but instead is now in ICE custody.  Undersigned counsel has received information that Defendant is currently in Irwin County, which serves as both a U.S. Marshals detention center and an ICE detention center, but will be moved to another facility in the upcoming days.

It is undersigned counsel's understanding that Defendant may next be given the opportunity to voluntarily depart, and if he opts to do so, could be removed from the United States in roughly a week.  If he does not wish to voluntarily depart, he could petition for a bond, but undersigned counsel is not currently aware how long that process may take.  If he is not granted a bond, further deportation proceedings will then proceed.

The Government notified the Magistrate that the Government would be appealing the bond order and requested a stay of release.  That request was denied.  The Government filed a Motion to Stay the Release Order this morning and now files its formal appeal of the release order and requests that the Court schedule a hearing on this matter.

## II.    <u>Argument</u>

Following a magistrate judge's order that a defendant be released with conditions pending trial, the Government may move the district court to revoke or amend the magistrate judge's pretrial release order. 18 U.S.C § 3145(a)(1). The district court reviews the magistrate judge's order of release *de novo*. *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987). In reviewing the magistrate judge's order, the district court must review all the facts presented to the magistrate judge and may also conduct a hearing where more facts may be presented. *United States v. King*,

849 F.2d 485, 490 (11th Cir. 1988). If the magistrate judge's decision is not adopted by the district court, the district court must make written findings of fact. *Id*. at 490–91.

The Bail Reform Act governs the pretrial release or detention of defendants. 18 U.S.C. § 3142. Normally, detention is required when the judicial officer finds by a preponderance of the evidence presented by the Government that no condition or combination of conditions will reasonably assure the appearance of the person as required, and/or by clear and convincing evidence presented by the Government that no condition or combination of conditions will ensure the safety of the community. 18 U.S.C. § 3142(e).

To help make this degermation, the court is to consider: "the nature and circumstances of the offense charged," "the weight of the evidence against the person," "the history and characteristics of the person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). When considering the history and characteristics of the person, this includes things such as their employment, length of residence, community ties, and past conduct. *Id*. at 3142(g)(3)(A).

"The term 'dangerousness,' as used in the Bail Reform act of 1984, has a much broader construction than might be commonly understood in everyday parlance" and includes non-physical harms. *United States v. King*, 849 F.2d 485, 487 n. 2 (11th Cir. 1988). "[C]onsideration of the defendant's propensity to commit crime generally [is proper], even where only pecuniary and not physical, harm might result to the community at large." *United States v. Parr*, 399 F. Supp. 883, 888 (W.D. Tex. 1975), *aff'd*, 516 F.2d 458 (5th Cir. 1975).

In considering these factors, detention is warranted in this case. Though Defendant may not have been the person placing the fraudulent phone calls, his role in collecting the money from this type of scheme raises concerns over the pecuniary safety of the community. While his travel

may be restricted, there are other ways he could continue to facilitate schemes, such as the instant one, while working at a convenience store. Since he is illegally in the country, he does not have a valid driver's license and may be in situations where he has to walk to work if no other transportation is available. It is possible he could go into a package pick up location on such walk.

And as to flight risk, given Defendant's ties to India, the relatively short duration he was illegally in the country prior to the instant offense, and his prior failure to appear, and his arrest for theft by taking in Jones County, all of these factors of his history and characteristics weigh in favor of detention. Moreover, the timing of Defendant's application for a U-Visa—two years after the incident took place and he was federally indicted—also raises concern about his candor regarding his intentions. And finally, there is concern that he could be deported which would make him unavailable to answer to these charges.

Given a totality of the factors the Court is to consider, the Government believes detention is proper in this case and therefore requests that the Court revoke the order of release or schedule a hearing to reconsider the grant of release.

Respectfully submitted, this 20th day of March, 2026.

WILLIAM R. KEYES
UNITED STATES ATTORNEY

BY:   *s/ Elizabeth S. Howard*
ELIZABETH S. HOWARD
Assistant United States Attorney
Georgia Bar No. 628247
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202
Telephone: (478) 752-3511
E-mail: elizabeth.s.howard@usdoj.gov

7

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth S. Howard, Assistant United States Attorney, hereby certify that on the 20th day of March, 2026, I filed the within and foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

Respectfully submitted, this 20th day of March, 2026.

WILLIAM R. KEYES
UNITED STATES ATTORNEY

BY:     *s/ Elizabeth S. Howard*
ELIZABETH S. HOWARD
Assistant United States Attorney
Georgia Bar No. 628247
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202
Telephone: (478) 752-3511
E-mail: elizabeth.s.howard@usdoj.gov