**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     ) | |
| ) | |
| **v.**     ) | **CASE NO. 5:26-cr-7 (MTT)** |
| ) | |
| **HIMANSHUBHAI BAROT,**     ) | |
| ) | |
| **Defendant.**     ) | |
| ) | |

## ORDER

This case is before the Court on the Government's Motion for Revocation of the Magistrate Judge's Order Setting Conditions of Release. (ECF 25). For the following reasons, the motion is **GRANTED.**

## I. BACKGROUND

On March 10, 2026 Defendant Himanshubhai Barot was indicted on one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 in connection with 18 U.S.C. § 1341, and one count of illegal entry in violation of 8 U.S.C. §§ 1325(a)(1) and 1325 (a)(2). ECF 1. Barot was arrested on the indictment on March 13, 2026. ECF 25 at 3; 11 at 1. Soon after his indictment, an immigration detainer was lodged against Barot, and the Government moved for detention. ECF 25 at 3. Barot's arraignment was held on March 16, 2026 before United States Magistrate Judge Charles H. Weigle, and a detention hearing was scheduled for March 19, 2026. ECF 12. On March 17, 2026, Barot moved for bond. ECF 16. At the detention hearing, the Magistrate Judge denied the Government's motion for detention. ECF 21; 30 at 3:9-11, 20:7-21:10. During that hearing, the Government informed the Magistrate Judge it wished to appeal the denial of detention and sought to hold the matter in abeyance. ECF 30 at 22:21-25. The Magistrate Judge declined to hold the matter in abeyance. ECF 30 at 30:21-31:4. The

next day, the Government moved for this Court to stay the Magistrate Judge's release order. ECF 20. The Government also moved to revoke the Magistrate Judge's release order (ECF 25). The Court granted the Government's motion to stay and held a hearing on the motion to revoke the release order on May 15, 2026. ECF 24; 46.

## II.  ANALYSIS

The review of a magistrate judge's release order is *de novo* and requires the court to exercise independent consideration of all facts properly before it. *United States v. King*, 849 F.2d 485, 489-90 (11th Cir. 1988). Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e).

Title 18 U.S.C. § 3142(g) provides four factors the Court should consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community. They are:

(1)  the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person, including –
   (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

After considering these factors, the Court determines that no conditions can reasonably assure Barot's appearance or the safety of the community. An immigration detainer has been placed on Barot. Thus, upon his release, Barot will be placed in the custody of immigration authorities, which could result in his detention or deportation. At that point, the Court cannot be certain that Barot will be made available for proceedings in this case. The Court, therefore, has no assurance that Barot will be available to attend trial or otherwise resolve this case.

Barot contends that his pending application for a U-Visa, which has been accepted as of June 11, 2026, demonstrates that Barot is not a flight risk. ECF 26 ¶ 8; 53 ¶¶ 1-3. However, Barot's accepted U-Visa application is not a predictor of whether or when his U-Visa will be granted. *See* ECF 53 ¶ 3. Again, Barot is subject to an ICE detainer, which means he will be placed into the custody of immigration authorities upon his release. At that point, the Court would be unable to prevent deportation should ICE deny the U-Visa application. Moreover, Barot has family members, including his parents and two siblings, who live in India. ECF 30 at 24:15-21. Given the circumstances, the Court concludes Barot is a flight risk, and that it cannot set conditions that would reasonably assure his presence at trial. Accordingly, the Government's motion for revocation of the Magistrate Judge's Order Setting Conditions of Release (ECF 25) is **GRANTED**. Barot's motion opposing the Government's appeal of the Bond Order (ECF 26) is **DENIED**.

- 4 -

### III. CONCLUSION

Based upon the evidence before it, the Court finds by a preponderance of the evidence that no set of conditions of release will assure the presence of the defendant or the safety of the community. The Government has carried its burden of proving that pretrial detention is warranted in this case. The Motion for Revocation of the Magistrate Judge's Order Setting Conditions of Release (ECF 25) is **GRANTED,** and the Defendant's motion opposing Government's appeal of the bond order (ECF 26) is **DENIED**. The Order Setting Conditions of Release (ECF 22) and Appearance Bond (ECF 23) issued by Judge Charles Weigle of the Middle District of Georgia are **REVOKED**. The Defendant shall remain detained pending trial and is **REMANDED** into the custody of the United States Marshals Service.

**SO ORDERED**, this 17th day of July, 2026.

S/ Marc T. Treadwell_____
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT